*Mr. H. Strong* for plaintiffs in error.

*Mr. James Grant* for defendant in error.

## NORTHERN BELLE *v.* ROBSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WISCONSIN.

No. 141. Argued March 21, 1870. — Decided April 11, 1870.

It is the duty of a carrier who offers barges for service to have them often examined and thoroughly inspected, so as to be sure of their condition.

THE case is stated in the opinion.

MR. JUSTICE MILLER delivered the opinion of the court.

In this case the same parties as in the case just decided, (*The Northern Belle*, 9 Wall. 526,) about a month later made another contract for the carrying of wheat in the same barge Pat Brady for the same voyage, the barge being this time attached to the steamboat Northern Belle.

After the accident of the 12th May, which we have just considered in the other case, the barge was merely repaired by removing a plank or two which seemed to be injured, and replacing them by others. In two or three days she was again in use, and on the 19th June took on board another cargo for Robson.

Very soon after leaving Hastings the barge was run on a sandbar, and soon commenced leaking, so that the wheat was wet and greatly damaged. For this Robson recovered a decree in the District Court, which was affirmed on appeal to the Circuit Court.

Much testimony was taken to show that, owing to the violent wind and the condition of the channel, this running of the barge on the sand-bar was inevitable. It is not necessary to inquire whether this were so, for we are satisfied that the loss would not have occurred if the barge had been sound and fit for the voyage. It was the rotten condition of her timbers, as shown by the same testimony that we have commented on in the former case, that rendered her unable to resist the ordinary pressure which such accidents subject barges to every day.

We do not deem it necessary to go into the testimony on this further than to remark that the failure of the owners of the Pat Brady to have her thoroughly inspected after the first accident is without excuse.

She was then an old barge, and the circumstances of that accident should have suggested a suspicion of her condition.

But we do not place the decree on the ground of special want of care in that particular. It is the duty of the carrier who offers these barges for service to have them often examined and thoroughly inspected so as to be sure of their condition. He should not use a barge after she has become, from age, or decay, or injury, unfit for use, and should repair them often and well, so long as they can by repairing be safely used, and no longer.

For this the best interest of all parties requires that he shall be held rigidly responsible.

*The decree of the Circuit Court is affirmed.*

*Mr. J. W. Cary* for appellants.

*Mr. N. J. Emmons* for appellee.